IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MPC Computers, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12667 (PJW)<br>(Jointly Administered) |

## DECLARATION OF DAVID A. YOUNG IN SUPPORT OF CONFIRMATION OF SECOND AMENDED PLAN OF LIQUIDATION OF MPC CORPORATION AND ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE UNTIED STATES BANKRUPTCY CODE

I, David A. Young, make this declaration pursuant to section 1746 of title 28 of the United States Code and hereby state:

1. I am the chief executive officer of the above-captioned debtors (the "Debtors"). I have personally participated in decision-making with respect to the Chapter 11 Cases,[2] including, but not limited to, formulation of the Second Amended Plan of Liquidation of MPC Corporation and its Subsidiaries Under Chapter 11 of the United States Bankruptcy Code (the "Plan").

2. This declaration is submitted in support of confirmation of the Plan. Except as otherwise indicated, I have personal knowledge of the facts set forth herein and I could and would competently testify thereto if required to do so. As set forth below, subject to the

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are MPC Computers, LLC (6916); MPC Corporation (7562); GTG PC Holdings, LLC (6899); MPC-G, LLC (8015); MPC Solutions Sales, LLC (0213); MPC-Pro, LLC (3132); Gateway Companies, Inc. (1398); Gateway Pro Partners, LLC (9747); and Gateway Professional, LLC (8881).

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Plan (as defined below).

occurrence of the Effective Date, the Debtors will have sufficient Cash on hand to pay, in full, all distributions and other payments contemplated by the Plan.

3. The Plan is a liquidating plan. The Plan contemplates entry of a Confirmation Order effectuating the limited substantive consolidation of the Debtors' Chapter 11 Cases into a single case solely for the purposes of all actions associated with confirmation and consummation of the Plan. Prior to the Effective Date, the Debtors shall continue to wind down their businesses subject to all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules. The Plan contemplates the transfer of the assets of the Debtors' estates into the Liquidating Trust. On the Effective Date, or as soon as practicable thereafter, the Debtors and the Committee will form the Liquidating Trust to administer certain post-confirmation responsibilities under the Plan, including, but not limited to, those responsibilities associated with the pursuit and collection of Litigation Claims, Causes of Action, and the reconciliation and payment of Claims.

4. The unclassified Claims, and their treatment under the Plan, can be summarized as follows:

| **Unclassified Claims** | **Plan Treatment** |
| --- | --- |
| Administrative Claims: | Non-Professional Fee Claims<br><br>Each Holder of an Allowed Administrative Claim (excluding Professional Fee Claims) shall receive the full amount of such Allowed Administrative Claim, without interest, in Cash, as soon as practicable after the later of: (i) the occurrence of the Effective Date, or (ii) the date such Administrative Claim becomes an Allowed Claim. Notwithstanding anything in the Plan to the contrary, a Holder of an Allowed Administrative Claim may be paid on such other date or dates and upon such other less favorable terms as may be agreed upon by such Holder and the Liquidating Trustee. Without limiting the foregoing, all outstanding fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930 that have not been paid as of the Effective Date, shall be paid by the Liquidating Trustee no later than thirty (30) days after the Effective Date, or when due in the ordinary course, pending entry of a Final Decree. |

| Unclassified Claims | Plan Treatment |
|---|---|
| | Professional Fee Claims<br><br>The Liquidating Trustee shall pay Professionals who are entitled to reimbursement or allowance of fees and expenses from the Debtors' Estates pursuant to Bankruptcy Code §§ 503(b)(2) - (b)(6), in Cash, in the amount awarded to such Professionals by Final Order of the Bankruptcy Court, as soon as practicable after the later of (i) the Effective Date, and (ii) the date upon which any order awarding fees and expenses becomes a Final Order, in accordance with the terms of any order entered by the Bankruptcy Court governing the payment of fees and expenses during the course of the Chapter 11 Case, and after application of any retainer received by the Professionals. |
| Priority Tax Claims | The Disbursing Agent shall pay each Holder of an Allowed Priority Tax Claim in full, in Cash, as soon as practicable after the later of (i) the Effective Date, or (ii) the date such Priority Tax Claim becomes an Allowed Claim. All Allowed Priority Tax Claims against the Debtors that are not due and payable on or before the Effective Date, shall be paid in the ordinary course of business in accordance with the terms thereof. The Liquidating Trustee can prepay any Allowed Priority Tax Claim at any time after the Effective Date, without any penalty or charge.<br><br>Holders of Allowed Priority Tax Claims will not be entitled to receive any payment on account of any penalty arising with respect to or in connection with such Claims. Any Claim for any such penalty, or demand for any such penalty, will be deemed disallowed by confirmation of the Plan. |

5. The Classified Claims, and their treatment under the Plan, can be summarized as follows:

| Class | Claim | Plan Treatment of Class |
|---|---|---|
| 1 | Other Priority Non-Tax Claims | As soon as practicable after the later of (i) the Effective Date, or (ii) the date on which the Other Priority Non-Tax Claim becomes an Allowed Claim, in full satisfaction, settlement, release, and discharge of, and in exchange for each Allowed Other Priority Non-Tax Claim that is due and payable, the Disbursing Agent shall pay each Holder of an Allowed Class 1 Claim, in relative order of priority pursuant to Bankruptcy Code § 507, in full, in Cash, without interest. |

| Class | Claim | Plan Treatment of Class |
|---|---|---|
| 2 | Gateway Secured Claims | In accordance with the Gateway Settlement Agreement, the Holders of Class 2 Claims shall be entitled to receive 45% of the net proceeds (less any and all costs of collection including reasonable attorneys' fees) of accounts receivable of MPC-Pro, obtained from May 31, 2010 until the date of entry of a final decree in the cases of each of the Debtors, which amounts shall be applied to further reduce the Gateway Deficiency Claim. |
| 3 | Other Secured Claims that are not Class 1 or 2 Claims | On the Effective Date or as soon as practicable thereafter, each Holder of an Allowed Other Secured Claim that is not a Class 2 Claim (e.g. PMSI Holders, equipment financing lenders, etc.) shall receive one of the following treatments, at the option of the Liquidating Trustee, such that they shall be rendered unimpaired pursuant to section 1124 of the Bankruptcy Code: (i) the payment of such Holder's Allowed Other Secured Claim in full, in Cash; (ii) the sale or disposition proceeds of the property securing such Allowed Other Secured Claim to the extent of the value of the Holder's interests in such property; or (iii) the surrender to the Holder of the property securing such Claim. |
| 4 | Class 4 General Unsecured Claims | On the Effective Date, or as soon as practicable thereafter, each Holder of an Allowed Class 4 Claim shall receive its Pro Rata share of Distributable Cash. |
| 5 | Interests | On the Effective Date, all Interests shall be deemed cancelled and of no further force and effect, whether surrendered for cancellation or otherwise. |
| 6 | Intercompany Claims | Class 6 Claims receive no distribution and Class 6 Claims are cancelled as of the Effective Date. |
| 7 | Other Securities Claims and Interests | Class 7 Claims receive no distribution and are cancelled and discharged as of the Effective Date. |

6. Based upon the foregoing, upon the Effective Date, the Debtors will have sufficient cash to pay all Allowed Claims that are required to be paid in cash under Sections 1129(a)(9) and (12) of the Bankruptcy Code and have demonstrated that the Plan is feasible as required under Section 1129(a)(11) of the Bankruptcy Code.

7. In addition, the Debtors meet the other requirements under Sections 1129(a) and (b) for confirmation of the Plan. In this regard:

- The Debtors and their Plan comply with the applicable provisions of title 11, including the requirements of Section 1122 of the Bankruptcy Code regarding proper classifications of claims and interests, and the requirements of Section 1123(a) regarding the descriptions, specifications and treatments of classes of claims and adequate means for implementation.

- The Plan has been proposed in good faith (and not for the avoidance of taxes or section 5 of the Securities Act of 1933) and all arrangements regarding the treatment and payment of claims have been disclosed.

- All payments made or to be made by the Debtors for services, costs and expenses in connection with the Chapter 11 Cases or the Plan have been approved as reasonable or will be subject to the approval of the Court as reasonable.

- The disclosures required by Section 1129(a)(5) have been made.

- Section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Debtors.

- The Disclosure Statement (as approved by the Court) demonstrates that Holders of Allowed Claims will receive at least as much as such Holders would be paid in a liquidation under Chapter 7 of the Bankruptcy Code.

- As set forth in the Declaration Of Kathleen M. Logan Certifying Voting On, And Tabulation Of, Ballots Accepting And Rejecting Second Amended Plan Of Liquidation Of MPC Corporation And Its Subsidiaries Under Chapter 11 Of The United States Bankruptcy Code (D.I. 1306) filed in the Chapter 11 Cases, each impaired Class of Claims entitled to vote under the terms of the Plan has accepted the Plan without regard to the vote of any insider.

- Consistent with the requirements of Section 1129(a)(9) of the Bankruptcy Code, on the Effective Date, the Disbursing Agent shall pay each Holder of an Allowed Priority Tax Claim in full, in Cash, as soon as practicable after the later of (i) the Effective Date, or (ii) the date such Priority Tax Claim becomes an Allowed Claim. All Allowed Priority Tax Claims against the Debtors that are not due and payable on or before the Effective Date, shall be paid in the ordinary course of business in accordance with the terms thereof.

- All fees under 28 U.S.C. § 1930 have been paid or will be paid by the Debtors.

- Sections 1129(a)(13), (14), (15) and (16) of the Bankruptcy Code are not applicable to the Debtors.

- The cramdown of the Holders of Class 5 Interests, Class 6 Intercompany Claims and Class 7 Other Securities Claims and Interests under the Plan is appropriate under Section 1129(b) of the Bankruptcy Code because the Plan does not unfairly discriminate against such Holders and the treatment in the Plan of each Class is fair and equitable in that no junior class of claims or interests shall receive anything under the Plan.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed on: March 4, 2011

DAVID A. YOUNG
Chief Executive Officer