# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MPC Computers, LLC, *et al.*,[1] | Case No. 08-12667 (PJW) |
| Debtors. | (Jointly Administered) |
| | *re : # 1218, 1290, 1341* |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING SECOND AMENDED PLAN OF LIQUIDATION OF MPC CORPORATION AND ITS SUBSIDIARIES UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

A hearing was held before this Court on March 8, 2011 (the "Confirmation Hearing") to consider confirmation of the Second Amended Joint Plan of Liquidation of MPC Corporation and its Subsidiaries Under Chapter 11 of the United States Bankruptcy Code (the "Plan"; D.I. 1218) filed by the above-captioned debtors (the "Debtors"). The Court has reviewed the Plan, the Disclosure Statement[2] and other matters submitted in support of the Plan.

The Court has considered the record compiled in the Chapter 11 Cases and has also considered, among other things, the Declaration of David A. Young in Support of Confirmation of the Plan (the "Young Declaration"; D.I. 1339), the Declaration of Kathleen M. Logan Certifying Voting On, and Tabulation of, Ballots Accepting and Rejecting the Plan (the "Logan Declaration"; D.I. 1306), the offers of proof, evidence admitted, and the arguments and

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are MPC Computers, LLC (6916); MPC Corporation (7562); GTG PC Holdings, LLC (6899); MPC-G, LLC (8015); MPC Solutions Sales, LLC (0213); MPC-Pro, LLC (3132); Gateway Companies, Inc. (1398); Gateway Pro Partners, LLC (9747); and Gateway Professional, LLC (8881).

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Plan.

representations of counsel at the Confirmation Hearing. Based upon the foregoing, and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:

## Findings of Fact and Conclusions of Law

1. <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over these Cases and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O) and this Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible to be debtors under Section 109 of the Bankruptcy Code. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Debtors' Chapter 11 Cases, which is maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Cases.

US_ACTIVE-105421572.6

4.     <u>Solicitation and Notice</u>. On December 22, 2010, the Court entered the Order (I) Approving the Debtors' Revised Second Amended Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Their Plan of Liquidation, Including: (A) Approving the Form and Manner of Distribution of Solicitation Packages, (B) Approving the Form and Manner of Notice of the Confirmation Hearing, (C) Establishing a Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Form of Ballot, (E) Establishing the Procedures for Vote Tabulations; (III) Establishing the Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (IV) Granting Related Relief (D.I. 1241) (the "<u>Solicitation Procedures Order</u>").  The Solicitation Procedures Order, among other things, approved the Revised Second Amended Disclosure Statement (D.I. 1233) as containing "adequate information" within the meaning of Section 1125 of the Bankruptcy Code.

Pursuant to the Solicitation Procedures Order, the Debtors distributed certain packages of information (the "<u>Solicitation Packages</u>") to all creditors and interest holders entitled to receive the Solicitation Packages.  Each Solicitation Package included: (a) written notice of (i) the Court's approval of the Disclosure Statement, (ii) the deadline for voting on the Plan, (iii) the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to the Plan; (b) a copy of the Plan; (c) the Disclosure Statement, substantially in the form approved by the Court; and (d) the appropriate ballots and ballot return envelopes.

The Solicitation Packages were served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order.  As described in the Solicitation Procedures Order, and as evidenced by the Logan Declaration, (i) the service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 cases and

US_ACTIVE-105421572.6

(ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and other matters described in the Solicitation Procedures Order was timely provided in compliance with the Bankruptcy Code and Bankruptcy Rules, and provided due process and an opportunity to be heard to all parties in interest.

5. <u>Voting</u>. The Solicitation Procedures Order fixed January 25, 2011, at 5:00 p.m. (Eastern) as the Voting Deadline. The Debtors (through their designated Claims Agent) tabulated the Ballots accepting and rejecting the Plan. As set forth in the Logan Declaration, the Debtors have satisfied the ballot tabulation procedures set forth in the Solicitation Procedures Order and properly tabulated the Ballots received with respect to the Plan.

As set forth in the Logan Declaration, the Plan has been accepted within the meaning of Section 1126(a) of the Bankruptcy Code, by Classes 2 and 4 of Claims that were entitled to vote on the Plan and that actually voted on the Plan. The Holders of Class 2 and 4 Claims are impaired under the Plan. Holders of Class 1 and 3 Claims are unimpaired under the Plan, are conclusively deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code, and therefore are not entitled to vote on the Plan. Holders of Class 5 Interests, Class 6 Claims and Class 7 Claims and Interests shall not receive any distribution under the Plan, are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and therefore are not entitled to vote on the Plan.

6. <u>Burden of Proof</u>. The Debtors have met their burden of proving the elements of Section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable standard.

US_ACTIVE-105421572.6

## Compliance with the Requirements of Section 1129 of the Bankruptcy Code

7.     <u>Plan Compliance – Section 1129(a)(1)</u>. The Plan complies with all applicable provisions of the Bankruptcy Code. The Plan designates seven (7) Classes of Claims and/or Interests. The Plan adequately and properly classifies all Claims and Interests required to be classified and thus satisfies the requirements of Sections 1122 and 1123(a)(1) of the Bankruptcy Code. Under the Plan, two Classes of Claims (i.e., Classes 2 and 4) are impaired and entitled to vote. Class 5, consisting of Interests; Class 6, consisting of Intercompany Claims; and Class 7, consisting of other Securities Claims and Interests, shall not receive any distributions under the Plan and are therefore deemed to reject the Plan. The Plan adequately specifies the treatment of each impaired Class of Claims and Class of Interests and thus satisfies the requirements of Section 1123(a)(3) of the Bankruptcy Code. The Plan provides the same treatment for each Claim in a particular Class, unless the holder of a particular Claim agrees to less favorable treatment of such Claim. The Plan thus satisfies the requirements of Section 1123(a)(4) of the Bankruptcy Code. No election for application of Section 1111(b)(2) of the Bankruptcy Code by any Class of secured creditors was made under Bankruptcy Rule 3014. Article IV of the Plan, along with the other provisions of the Plan, provides adequate means for implementation of the Plan. Pursuant to Article IV.C of the Plan, the Assets and liabilities of the Debtors will be transferred into the Liquidating Trust. Pursuant to Article VI of the Plan, all Cash necessary for the Liquidating Trust to make payments pursuant to the Plan will be obtained from the Debtors' existing Cash balances, Liquidation Proceeds and the Litigation Claims. The Plan thus satisfies Section 1123(a)(5) of the Bankruptcy Code.

US_ACTIVE-105421572.6

Section 1123(a)(6) of the Bankruptcy Code is inapplicable because all Interests will be canceled pursuant to the provisions of the Plan, the Debtors are liquidating, and neither the Debtors nor the Liquidating Trust will issue equity securities.

The Plan contains other provisions for implementation that are reasonable and otherwise consistent with Sections 1123(a)(7) and 1123(b) of the Bankruptcy Code.

8.    <u>Proponent Compliance – Section 1129(a)(2)</u>.  The Debtors, as proponents of the Plan (with the support of the Committee), have complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  The Debtors solicited acceptances of the Plan in accordance with the requirements of the Solicitation Procedures Order.  The Ballots of Holders of Claims entitled to vote on the Plan were properly solicited and tabulated.  The Debtors have further complied with all the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other matters considered by the Court in these Cases.  The record in these Cases further discloses that the Debtors have attempted in good faith to comply with the orders of the Court entered during the pendency of these Cases and that the Debtors have not violated any such orders.

9.    <u>Good Faith - Section 1129(a)(3)</u>. The Plan has been proposed in good faith by the Debtors, with the support of the Committee, and not by any means forbidden by law.  The Court has examined the totality of the circumstances surrounding the formulation of the Plan and the evidence submitted in connection with the Confirmation Hearing.  The Plan has been accepted by the requisite Holders of Claims, in the requisite amounts, in Classes 2 and 4 and such acceptance evidences the informed judgment of Creditors that the Plan is in their best interests. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate a distribution of such value to Creditors. The Plan was

US_ACTIVE-105421572.6

negotiated in good faith and at arms' length among representatives of the Debtors and the Committee during these Cases. Therefore, the Plan has been proposed in good faith, as such term is used in Section 1129(a)(3) of the Bankruptcy Code.

10. <u>Plan Payments - Section 1129(a)(4)</u>. All amounts to be paid by the Debtors for services or expenses in these Cases have either been fully disclosed and approved as reasonable or, pursuant to the terms of the Plan, will be disclosed and subject to the approval of the Bankruptcy Court following Confirmation of the Plan. All expenses of the Liquidating Trust incurred after the Effective Date (including the fees and expenses of professionals doing work for the Liquidating Trustee) may be paid by the Liquidating Trust pursuant to the terms of the Plan. Accordingly, the Plan satisfies the requirements of Section 1129(a)(4) of the Bankruptcy Code.

11. <u>Officer Affiliations - Section 1129(a)(5)</u>. The Debtors have, by way of the Plan Supplement (D.I. 1341), disclosed the identity and affiliations of the Liquidating Trustee and the members of the Trust Oversight Committee. Accordingly, Section 1129(a)(5) of the Bankruptcy Code has been satisfied in these Cases.

12. <u>Rates - Section 1129(a)(6)</u>. There are no rates applicable to the Debtors over which any governmental regulatory commission will have jurisdiction after confirmation of the Plan.

13. <u>Best Interests - Section 1129(a)(7)</u>. Each Holder of an Allowed Claim will receive under the Plan property of a value not less than the amount such Holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. The provisions of the Plan, including Article IV of the Plan, provide adequate means of funding for the Plan. Confirmation of the Plan provides a superior recovery to Creditors than conversion of the Cases from chapter

US_ACTIVE-105421572.6

11 to chapter 7. Accordingly, confirmation of the Plan is in the best interests of creditors under Section 1129(a)(7) of the Bankruptcy Code.

14. <u>Acceptance / Cramdown - Sections 1129(a)(8) and 1129(b)</u>. All Holders of impaired Claims under the Plan that are entitled to vote on the Plan have been given adequate opportunity to vote to accept or reject the Plan. As set forth above, and in detail in the Voting Declaration, the Plan has been accepted by Classes 2 and 4, which Classes constitute the two impaired Classes eligible to vote on the Plan. Notwithstanding the deemed rejection of the Plan by the Classes 5, 6 and 7, the Plan satisfies the "cramdown" requirements of Section 1129(b) of the Bankruptcy Code since the Plan does not discriminate unfairly and is fair and equitable as to Class 5 (Interests), Class 6 (Intercompany Claims) and Class 7 (Other Securities Claims and Interests). The Plan does not discriminate unfairly against the Holders of Class 5 Interests, Class 6 Intercompany Claims or Class 7 Other Securities Claims and Interests. The Plan calls for substantive consolidation of the Debtors and, therefore, extinguishment of Class 6 Intercompany Claims is appropriate and not discriminatory. There is insufficient value in the Debtors' Estates to satisfy various Classes of Claims that are senior to Class 5 Interests and no senior Creditor is being paid more than in full.

15. <u>Administrative Expense/Priority Claims - Section 1129(a)(9)</u>. The Plan complies with Section 1129(a)(9) of the Bankruptcy Code because it provides that all Allowed Administrative Claims (including Allowed Professional Fee Claims), Allowed Priority Tax Claims and Allowed Other Priority Non-Tax Claims will be paid in full, in cash, as soon as practicable after the later of (i) the Effective Date, or (ii) the date on which such Claim becomes an Allowed Claim.

US_ACTIVE-105421572.6

16.     Impaired Class Acceptances - Section 1129(a)(10). Classes 2 and 4 are impaired under the Plan, and, as reflected in the Logan Declaration, the Plan has been accepted by at least one impaired Class without including the vote of any insider.

17.     Feasibility - Section 1129(a)(11). The Plan complies with Section 1129(a)(11) of the Bankruptcy Code because there is sufficient Cash to satisfy all Allowed Claims pursuant to the terms of the Plan and the Debtors' costs, expenses and obligations under the Plan.

18.     Fees Payable Under 28 U.S.C. § 1930 - Section 1129(a)(12). Article XIII.B of the Plan provides for the payment of statutory fees due pursuant to 28 U.S.C. § 1930(a)(6), until the entry of a final decree or an order converting or dismissing the Cases.

19.     Retiree Benefits - Section 1129(a)(13). The Debtors are not obligated to provide "retiree benefits" within the meaning of Section 1114(a) of the Bankruptcy Code. Pursuant to Article VII.E of the Plan, all Company Benefit Plans shall be terminated, or shall be treated as executory contracts under the Plan, on the Effective Date and any such remaining Company Benefit Plans that have not been terminated will be deemed rejected pursuant to the provisions of Sections 365 and 1123 of the Bankruptcy Code.

20.     No Domestic Support Obligations - Section 1129(a)(14). The Debtors are not required by a judicial or administrative order, or by statute, to pay domestic support obligations. Accordingly, Section 1129(a)(14) of the Bankruptcy Code is inapplicable to these Cases.

21.     Debtors are Not Individuals - Section 1129(a)(15). The Debtors are not individuals, and accordingly, Section 1129(a)(15) of the Bankruptcy Code is inapplicable to these Cases.

US_ACTIVE-105421572.6

22.     <u>No Applicable Nonbankruptcy Law Regarding Transfers – Section 1129(a)(16)</u>.

Any transfers under the Plan comply with applicable nonbankruptcy law, and the Plan therefore satisfies the requirements of Section 1129(a)(16).

23.     <u>Only One Plan - Section 1129(c)</u>.  The Plan is the only plan filed in these Cases, and, accordingly, Section 1129(c) of the Bankruptcy Code is inapplicable to these Cases.

24.     <u>Principal Purpose of the Plan - Section 1129(d)</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of Section 1129(d) of the Bankruptcy Code.

25.     <u>Good Faith Solicitation - Section 1125(e)</u>.  Based on the record before the Court in these Cases, (a) the Debtors have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including, without limitation, Sections 1125(c) and (e) of the Bankruptcy Code, and any applicable nonbankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation and (b) the Debtors, the Committee, and all of their respective officers, members, directors, managers, employees, agents, advisers, accountants, attorneys, and representatives and the Releasees shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of the Plan and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and Article XI of the Plan.  The Debtors and the Committee and all of the parties' respective professionals will be acting in good faith if they proceed to (i) consummate the Plan and (ii) take the actions authorized and directed by this Order.

US_ACTIVE-105421572.6

26. <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

**<u>Order Confirming Plan</u>**

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in these Cases, and the foregoing findings of fact and conclusions of law, **IT IS HEREBY ORDERED THAT**

1. <u>Confirmation</u>. The Plan is CONFIRMED in its entirety. The Debtors and the Liquidating Trust after the Effective Date, are authorized to (a) take such actions as may be necessary or appropriate to carry out the Plan, and (b) execute such documents and instruments as may be required to implement the Plan.

2. <u>Objections</u>. All parties have had a full and fair opportunity to litigate all issues raised by any objections to the Plan, or which might have been raised in objection to the Plan. Except as otherwise set forth herein, all formal and informal objections, responses, statements, and comments in opposition to the Plan are overruled, unless such objections were resolved on the record during the Confirmation Hearing, or resolved herein as set forth below.

3. <u>Omission of Reference to Particular Plan Provisions</u>. The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, as the Plan is approved and confirmed in its entirety. Each provision of the Plan shall be deemed authorized and approved by this Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Order. In the event of any inconsistencies between the Plan and this Order, this Order shall govern. Causes of Action are expressly reserved for the Liquidating Trust for adjudication, and therefore no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral

US_ACTIVE-105421572.6

estoppel, issue preclusion, claim preclusion, estoppel or laches shall apply to the Causes of Action upon or after confirmation or consummation of the Plan.

4.     Liquidating Trust Agreement.  The Liquidating Trust Agreement, substantially in the form filed with the Court as part of the Plan Supplement, and each provision thereof is authorized and approved hereby. The Debtors are authorized and directed hereby to execute and deliver the Liquidating Trust Agreement by the Effective Date.  In the event of any inconsistencies between the Liquidating Trust Agreement and this Order, this Order shall govern.

5.     Appointment of Liquidating Trustee.  In accordance with the Plan, the Committee, after consultation with the Debtors, shall appoint Steven D. Sass LLC as Liquidating Trustee, who shall have the power to administer the Liquidating Trust and will be advised by the Trust Oversight Committee as specified in the Plan and the Liquidating Trust Agreement.  On the Effective Date, the Liquidating Trustee shall succeed in all respects to all of the rights, privileges and immunities of the Debtors, including, without limitation, the attorney-client privilege, work product privilege and any other privileges of the Debtors and shall be appointed as the sole officer of the Debtors as of the Effective Date.  The Liquidating Trustee, and his successors, shall serve until the earlier of (i) the later to occur of (a) the entry of the Final Decree, (b) the dissolution of the Liquidating Trust, and (c) the payment of the final distributions to Holders of Allowed General Unsecured Claims pursuant to the Plan; or (ii) the expiration of the term of such Liquidating Trustee's employment agreement or such Liquidating Trustee's resignation, death, incapacity, removal or termination by the Trust Oversight Committee pursuant to the Liquidating Trust Agreement or order of the Bankruptcy Court.  The Liquidating Trustee may also be removed by the Bankruptcy Court upon motion for good cause shown by any Creditor.  The liquidation and winding up of the Liquidating Trust and the Debtors shall

US_ACTIVE-105421572.6

become the responsibility of the Liquidating Trustee who shall thereafter have responsibility for the management, control and operation thereof, and who may use, acquire and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, but subject to the terms of the Plan and the Liquidating Trust Agreement.

6.     Automatic Substitution of the Liquidating Trustee. On the Effective Date, the Liquidating Trustee shall automatically be deemed to be substituted as plaintiff in the place of the Committee and/or the Debtors with respect to any and all pending Causes of Action (the "Pending Litigation"). The Liquidating Trustee shall succeed to all rights, benefits and protections of the Committee and/or the Debtors with respect to all such Pending Litigation and shall have standing after the Effective Date to pursue, compromise and settle all claims asserted in the Pending Litigation. In effectuating the substitution, the Committee, the Debtors and their respective counsel and professionals shall provide the Liquidating Trustee with all information and documents they have concerning the Pending Litigation and the production of such information and documents to the Liquidating Trustee shall be subject to the protections of any applicable confidentiality, attorney/client privilege, attorney/client work-product or common interest privilege.

7.     Plan Classification Controlling. The classification of Claims and Equity Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely for the purpose of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any creditors as representing the

- 13 -

actual classification of such Claims under the Plan for distribution purposes, and (d) shall not be binding on the Debtors and, after the Effective Date, Liquidating Trustee or the Liquidating Trust for purposes other than voting on the Plan. Any proposed reclassification of a Claim shall be subject to notice and a hearing.

8.    Distributions and Disputed Claims. The provisions in the Plan governing Distributions (including, without limitation, Article VIII of the Plan) and the resolution of any disputed claims are found to be fair and reasonable and are approved. All distributions under the Plan shall be made in accordance with the terms of the Plan.

9.    Undeliverable Distributions. Distributions to the Holders of Allowed Claims pursuant to the Plan shall be made by the Liquidating Trustee (a) at the addresses set forth on the proofs of claim filed by such Holders (or at the last known addresses of such Holders of Claims if no proof of claim is filed or if the Debtors/ Liquidating Trustee have been notified in writing of a change of address), or (b) at the addresses set forth in any written notices of address changes delivered to the Liquidating Trustee after the date of any related proof of claim. The Liquidating Trustee is not obligated to make any effort to determine the correct address of any Holder. If any distribution of assets of the Liquidating Trust to a Holder is returned to the Liquidating Trustee as undeliverable, no further distribution to such Holder shall be made unless and until the Liquidating Trustee is notified in writing of such Holder's then-current address, at which time all missed distributions shall be made to such Holder without interest. For purposes of this Order, undeliverable distributions shall include checks sent to Holders, which checks have not been cashed within six months following the date of issuance of such checks. Undeliverable distributions shall remain in the possession of the Liquidating Trustee until the next distribution date that the relevant distribution becomes deliverable (in which event it shall be distributed to

US_ACTIVE-105421572.6

such Holder). Any Holder that does not assert a claim for an undeliverable distribution of assets of the Liquidating Trust within ninety (90) days after the distribution has been attempted to be made shall no longer have any claim to or interest of any kind or nature in assets of the Liquidating Trust and all title to and all beneficial interests related thereto shall revert to or remain in the Liquidating Trust and shall be redistributed to the remaining Holders in accordance with the Plan and Liquidating Trust Agreement.

10. <u>Rejection of Certain Executory Contracts and Unexpired Leases Pursuant to Confirmation Order and Plan</u>. Except for executory contracts or unexpired leases that were previously assumed or rejected by order of the Bankruptcy Court, or are the subject of a pending motion to assume or reject, or that are identified on the Assumption Schedule as of the Effective Date, pursuant to Section 365 of the Bankruptcy Code, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to its own terms shall be deemed rejected pursuant to Section 365 of the Bankruptcy Code upon entry of this Order.

11. <u>Insurance Policies</u>. Notwithstanding anything contained in this Order and/or the Plan to the contrary, unless specifically rejected by order of the Bankruptcy Court, all of the Debtors' rights in insurance policies and any agreements, documents, or instruments relating thereto, are continued. Nothing in the Plan and/or this Order shall constitute or be deemed a waiver of any cause of action that the Debtors, the Liquidating Trust and/or the Liquidating Trustee may hold against any entity, including, without limitation, the insurer, under any of the Debtors' policies of insurance. In accordance with the Plan, (i) the Debtors will assume all of the D&O Policies; and (ii) an Allowed Claim partially covered by the Casualty Insurance

US_ACTIVE-105421572.6

Program shall be treated as a Class 4 General Unsecured Claim to the extent not otherwise covered by the Casualty Insurance Program.

12.     Binding Effect of Plan. The provisions of the confirmed Plan shall bind the Debtors, the Liquidating Trust, the Liquidating Trustee, any Entity acquiring property under the Plan, and any Creditor or Interest Holder, whether or not such Creditor or Interest Holder has filed a Proof of Claim or Interest in the Cases, whether or not the Claim of such Creditor or the Interest of such Interest Holder is impaired under the Plan, and whether or not such Creditor or Interest Holder has accepted or rejected the Plan. All Claims and Debts shall be fixed and adjusted pursuant to the Plan. This Order and the Plan shall also bind any taxing authority, recorder of deeds or similar official for any county, state, or governmental unit in which any instrument related to the Plan or related to any transaction contemplated under the Plan is to be recorded with respect to any taxes of the kind specified in Section 1146(a) of the Bankruptcy Code.

13.     Substantive Consolidation. On the date of entry of this Confirmation Order, the Cases, the Debtors and the Estates shall be deemed to be substantively consolidated for all actions associated with confirmation and consummation of the Plan. On the Confirmation Date, (i) solely for the purposes of the Plan and the distributions and transactions contemplated thereby, all assets and liabilities of the Debtors shall be treated as though they were merged; (ii) any obligation of any Debtor and all guarantees thereof executed by one or more of the Debtors shall be deemed to be one obligation of the Debtors; (iii) any Claims filed or to be filed in connection with any such obligation and such guarantees shall be deemed one Claim against the Debtors; (iv) each and every Claim filed in the individual Cases of any of the Debtors shall be deemed a single obligation of all of the Debtors under the Plan on and after the Confirmation

- 16 -

Date; (v) all duplicative Claims (identical in both amount and subject matter) filed against more than one of the Debtors will be automatically expunged so that only one Claim survives against the Debtors but in no way shall such Claims be deemed Allowed by reason of this paragraph; *provided, however*, that the consolidated Debtors will not be deemed to be one entity: (a) for purposes of any Litigation Claims or (b) for purposes of determining the availability of the right of set-off under Section 553 of the Bankruptcy Code such that, subject to other provisions of Section 553 of the Bankruptcy Code, the debts due to a Debtor may not be offset against Claims against another Debtor. The substantive consolidation provided for in this section shall not affect the obligations of each and every Debtor to pay Bankruptcy Fees to the Office of the United States Trustee that may have come due prior to the Effective Date.

14.     <u>Continued Corporate Existence and Vesting of Assets Free and Clear</u>. Upon the Effective Date, title to all property of the Debtors' Estates will pass to and vest in the Liquidating Trust, free and clear of all Claims, interests, Liens, security interests, charges and other encumbrances (except as otherwise provided in the Plan).

15.     <u>Certain Actions</u>. By reason of entry of the Confirmation Order, prior to, on or after the Effective Date (as appropriate), all matters provided for under the Plan that would otherwise require approval of members, managers or other equity holders of the Debtors under the Plan shall be deemed to have occurred and shall be in effect prior to, on or after the Effective Date (as appropriate) pursuant to the applicable general corporation, limited liability, or partnership law of the state in which the Debtors are chartered, organized or incorporated, without any requirement of further action by the members, managers or other equity holders of the Debtors.

US_ACTIVE-105421572.6

16.     Tax Exemption.  Pursuant to Section 1146 of the Bankruptcy Code, the transactions contemplated by the Plan shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee.

17.     Setoffs and Recoupment.  The Liquidating Trustee may, pursuant to Bankruptcy Code § 558 or applicable non-bankruptcy law, but shall not be required to, setoff against or recoup from any Claim on which payments are to be made pursuant to the Plan, any claims or Causes of Action of any nature whatsoever the Debtors may have against the Holder of such Claim; *provided, however*, that neither the failure to effect such setoff or recoupment nor the allowance of any Claim shall constitute a waiver or release by the Debtors of any setoff or recoupment the Debtors may have against the Holder of such Claim, nor of any other claim or Cause of Action.

18.     Cancelation of Securities, Instruments, and Any Other Agreements Evidencing Claims and Interests.  Upon the occurrence of the Effective Date, except as otherwise provided in the Plan or this Order, all promissory notes, shares, certificates, instruments, indentures, stock or agreements evidencing, giving rise to or governing any Claim or Interest shall be deemed canceled and annulled without further act or action under any applicable agreement, law, regulation, order or rule; the obligations of the Debtors under such promissory notes, share certificates, instruments, indentures or agreements shall be discharged and the Holders thereof shall have no rights against the Debtors, the Estates, the Liquidating Trustee, the Trust Oversight Committee, and/or the Liquidating Trust; and such promissory notes, share certificates, instruments, indentures or agreements shall evidence no such rights, except the right to receive the distributions provided for in the Plan.

- 18 -

US_ACTIVE-105421572.6

19.     Effectuating Documents; Further Transactions.  The Debtors, the Liquidating

Trustee and/or the Liquidating Trust are authorized and directed to execute, deliver, file or record

any documents, contracts, instruments, releases and/or other agreements and take such other

action as may be necessary to effectuate and further evidence the terms and conditions of the

Plan.

20.     Retention of Jurisdiction. Notwithstanding the entry of this Confirmation Order

and the occurrence of the Effective Date, this Court shall retain and have exclusive jurisdiction

after the Effective Date over any matter arising under the Bankruptcy Code, arising in or relating

to the Cases or the Plan, including, without limitation, all categories specifically set forth in

Article XII of the Plan (which provisions are incorporated herein by reference), in each case to

the greatest extent permitted by applicable law.

21.     United States Trustee Fees. All outstanding amounts due under 28 U.S.C. § 1930

shall be paid by the Debtors on or before the Effective Date.  Thereafter, the Liquidating Trust

shall pay any statutory fees due pursuant to, *inter alia*, 28 U.S.C. § 1930(a)(6) and such fees shall

be paid until entry of a Final Decree or an order converting or dismissing the Cases.

22.     No Interference. No Person will be permitted to commence or continue any action

or proceeding or perform any act to interfere with the implementation and consummation of the

Plan or the payments or other distributions required to be made thereunder.

23.     Exculpation and Mutual Release by Releasees.  Except to the extent of (i) claims

held by any of the members of the Committee in their capacity as individual creditors and all

applicable rights of setoff, recoupment or other similar defenses that can be asserted in

connection therewith, and (ii) claims, causes of action or other rights held by Debtors against any

of the Committee members in their individual capacities and all applicable rights of set off,

US_ACTIVE-105421572.6

recoupment or other similar defenses that can be asserted in connection therewith, on and after the Effective Date, for good and valuable consideration, including the services of the Releasees to facilitate the expeditious liquidation of the Debtors and the implementation of the Plan, each of the Releasees, in good faith, shall be deemed to have unconditionally released one another from any and all Claims, obligations, rights, suits, damages, remedies and liabilities whatsoever, including any Claims that could be asserted on behalf of or against any of the Debtors (except that claims for Professional Fees shall not be released), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Releasees or their subsidiaries would have been legally entitled to assert in their own right, based in whole or in part upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date (including, without limitation, claims concerning the formulation, negotiation and/or pursuit of confirmation of the Plan, the consummation of the Plan, the administration of the Plan and/or the property to be distributed under the Plan), except for cases of willful misconduct or fraud in each case subject to determination of such by final order of a court of competent jurisdiction. To the extent that any of the Releasee(s) are jointly and/or severally or otherwise liable with or to Non-Releasee(s) for any amounts, the amounts recoverable against the Non-Releasee(s) shall be reduced by the greater of (a) any amount paid for such Releasee(s)' release and (b) the pro rata share(s) of fault attributable to any Releasee(s). Without limiting the generality of the foregoing, all Releasees shall be entitled to and granted the protections and benefits of Bankruptcy Code § 1125(e).

24. <u>Rights Limited as Set Forth in Plan; Termination of Interests</u>. Except as otherwise provided in the Plan and in this Order, all Persons and Entities shall be precluded from asserting against the Liquidating Trust, its successors or its assets or properties, any other or

- 20 -

further Claims or Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date.

25.     <u>Injunction</u>. Except as otherwise expressly provided in the Plan or in this Confirmation Order, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors or the Estate that arose prior to the Effective Date are permanently enjoined from: (i) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtors, the Liquidating Trust, the Liquidating Trustee or any property of the Debtors, the Liquidating Trust or the Liquidating Trustee with respect to any such Claim or Interest; (ii) the enforcement, attachment, collection or recovery by any manner or means, directly or indirectly, of any judgment, award, decree or order against the Debtors, the Liquidating Trust, the Liquidating Trustee, or any property of the Debtors, the Liquidating Trust or the Liquidating Trustee with respect to any such Claim or Interest; (iii) creating, perfecting or enforcing, directly or indirectly, any lien or encumbrance of any kind against the Debtors, the Liquidating Trust, the Liquidating Trustee or any property of the Debtors, the Liquidating Trust or the Liquidating Trustee with respect to any such Claim or Interest; (iv) effecting, directly or indirectly, any setoff or recoupment of any kind against any obligation due to the Debtors, the Liquidating Trust, the Liquidating Trustee or any property of the Debtors, the Liquidating Trust or the Liquidating Trustee with respect to any such Claim or Interest, unless approved by the Bankruptcy Court; and (v) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Nothing contained in this Order or in Article IX of the Plan shall prohibit the Holder of a Disputed Claim or Interest from litigating its right to seek to have such Disputed

US_ACTIVE-105421572.6

Claim or Interest declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the enforcement by the Holder of such Disputed Claim of any of the obligations of the Debtors, the Liquidating Trustee or the Liquidating Trust under the Plan. This Confirmation Order shall also constitute an injunction enjoining any Person from enforcing or attempting to enforce any claim or cause of action against the Debtors or any property of the Debtors based on, arising from or related to any failure to pay, or make provision for payment of, any amount payable with respect to any Priority Tax Claim on which the payments due under the Plan have been made or are not yet due.

26. <u>Notice of Entry of Confirmation Order</u>. As soon as practicable after the Effective Date, the Debtors shall mail notice of the entry of this Order and of the occurrence of the Effective Date to all Creditors that received the Solicitation Package, all Professionals retained in this case, and any known party affected by the rejection of executory contracts and unexpired leases addressed herein who had not previously had their executory contract and unexpired lease rejected by the Debtors. The notice shall set forth the Final Administrative Claims Bar Date, the deadlines for filing Professional Fee Claims and claims for rejection damages, identify the date that is the Effective Date, and provide such other information as may be appropriate to implement the Plan, and such notice shall constitute adequate and sufficient notice of the post-Confirmation filing deadlines set forth herein.

27. <u>Modification to Article IV.B. of the Plan</u>. The first paragraph of Article IV.B. of the Plan shall be modified by deleting the following language:

> "<u>provided however</u>, that the Debtors will not be deemed, for purposes of any Litigation Claims or determining the availability of the right of set-off under section 553 of the Bankruptcy Code, to be one entity, such that, subject to other provisions of section 553 of the Bankruptcy Code, the debts due to a Debtor may not be offset against Claims against another Debtor"

US_ACTIVE-105421572.6

and replacing it with the following:

> "provided however, that the consolidated Debtors will not be deemed to be one entity: (a) for purposes of any Litigation Claims or (b) for purposes of determining the availability of the right of setoff under section 553 of the Bankruptcy Code such that, subject to other provisions of section 553 of the Bankruptcy Code, the debts due to a Debtor may not be offset against Claims against another Debtor".

The remainder of Article IV.B. of the Plan shall remain unaltered.

28.    As to the United States, its agencies or departments (collectively the "United States"), nothing in the Plan or Confirmation Order shall: (a) discharge, release, or otherwise preclude any liability of the Debtors or the Estates that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code, except with respect to property being transferred to the Liquidating Trust pursuant to the Plan or used in administering the Debtors' bankruptcy cases, or (b) alter or impair any valid right of setoff or recoupment held by the United States, the Debtors, the Estates and/or the Liquidating Trust.

29.    Kalamazoo Valley Community College ("KVCC") has asserted a right of set off in its proof of claim and in its answer in the Adversary Proceeding styled MPC Computers, et. al. v. Kalamazoo Valley Community College, Adv. Proc. No. 10-54701 (PJW). Nothing in the Plan or Confirmation Order shall alter or impair any valid right of setoff held by KVCC, the Debtors, the Estates and/or the Liquidating Trust.

30.    Amerikit. Notwithstanding any other provision in the Plan or this Order, any and all claims asserted by Amerikit Technology Solutions, LLC and/or Amerikit Deployment Services, Inc. (individually and/or collectively, "Amerikit") shall not be deemed disallowed pursuant to Section 502(d) of the Bankruptcy Code prior to entry of a judgment finding that Amerikit is a transferee of transfer(s) avoidable and/or recoverable pursuant to one or more of the Bankruptcy Code sections enumerated in Section 502(d). All other rights and objections of

- 23 -

US_ACTIVE-105421572.6

the Debtors, Liquidating Trustee and/or Liquidating Trust with respect to the Amerikit claims or otherwise are fully preserved.

31.  IRS. Notwithstanding any provision to the contrary in the Plan, the Order confirming the Plan, and any implementing Plan documents (collectively, "Documents"), nothing shall: (1) affect the ability of the Internal Revenue Service ("IRS") to pursue any non-debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any federal tax liabilities owed by the Debtors or the Debtors' Estates; (2) affect the rights of the IRS to assert setoff and recoupment and such rights are expressly preserved; (3) require the IRS to file a claim for post-petition taxes pursuant to 11 U.S.C. Section 503(b)(1)(B), (C) and (D); (4) cause the automatic disallowance of any IRS penalty claim unless such claim is deemed disallowed by agreement of the parties or by order of the Court; (5) impede the payment of Allowed IRS claims even if another claim appearing on the same proof of claim is disputed; or (6) extend the automatic stay and related injunctions with respect to IRS claims beyond the Effective Date. To the extent any Allowed IRS priority tax claims and/or Allowed administrative expense claims are not paid in full in cash on the Effective Date, these IRS claims shall accrue interest at the rate and method set forth in 26 U.S.C. Sections 6621 and 6622. Moreover, notwithstanding any provision to the contrary in the Documents, the Debtors and the Liquidating Trustee agree that they will file, or cause to be filed, all required federal tax returns in accordance with the provisions of the Internal Revenue Code and (1) the IRS will not be bound by any characterizations, for tax purposes, of any transaction as set forth in the Documents; (2) the IRS will not be bound by any characterizations, for tax purposes of any valuation of any property as set forth in the Documents; (3) the IRS will not be bound by any characterizations, for tax purposes, of any entity described or created by the Plan; and (4) they shall comply with the

- 24 -

provisions of the Internal Revenue Code. The Debtors, the Liquidating Trust and the Liquidating Trustee reserve all rights to contend that the aforementioned characterizations are proper.

Dated: March 8, 2011

_____
PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE-105421572.6